Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6153 | **DATE** | 10/31/2003 |
| **CASE TITLE** | Peart vs. Mueller Streamline Co. and Jones | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' motion to dismiss Count III of plaintiff's amended complaint

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendants' motion to dismiss Count III of the amended complaint is denied. Parties are ordered to appear before the court for a status hearing on November 14, 2003.

(9-1)

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| ☐ No notices required, advised in open court. | | | Document Number |
| ☐ No notices required. | | number of notices | |
| ☐ Notices mailed by judge's staff. | | NOV 0 5 2003 | |
| ☐ Notified counsel by telephone. | | date docketed | 26 |
| ✓ Docketing to mail notices. | | docketing deputy initials | |
| ☐ Mail AO 450 form. | U.S. DISTRICT COURT | | |
| ☐ Copy to judge/magistrate judge. | CLERK | date mailed notice | |
| courtroom deputy's initials | 03 NOV -4 PM 2:27 | | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

| | | |
|---|---|---|
| KEGAN PEART | ) | |
| Plaintiff, | ) | Case No. 02 C 6153 |
| v. | ) | |
| | ) | |
| MUELLER STREAMLINE CO. and | ) | |
| DEBRA JONES, | ) | Judge Joan B. Gottschall |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendants Mueller Streamline Co. ("Mueller") and Debra Jones filed a motion to dismiss Count III of plaintiff Kegan Peart's amended complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and for failure to state a claim under Fed. R. Civ. P. 12(b)(6). In Count III Peart charges defendants with committing the tort of intentional infliction of emotional distress ("IIED") under Illinois state law; additionally, Peart claims that defendants violated his civil rights under 42 U.S.C. § 1981 and discriminated and retaliated against him in his employment because of his race, in violation of Title VII, 42 U.S.C. § 2000e, *et seq*. Defendants argue that Peart's IIED claim must be dismissed both because it is preempted by the Illinois Human Rights Act ("IHRA") and because Peart's allegations are insufficient to state a claim for IIED. For the reasons stated below, the court denies defendants' motion to dismiss.

I. FACTS

At all times relevant to plaintiff's case, Peart, who is black, was employed by Mueller at its Addison, Illinois, facility and was supervised by Jones, who is white. Peart claims that defendants Mueller and Jones created a hostile work environment by not erasing racial epithets written throughout the workplace, by accusing Peart of writing the epithets, by not protecting Peart from physical assault by a co-worker, and by permitting defendant Jones to bring her allegedly fierce dogs



to work. Peart also claims that defendants fired him unlawfully because of his race and in retaliation for his making complaints about the hostile work environment. Specific to his IIED claim, Peart alleges that defendant Jones abused her supervisory power and acted outrageously by creating the hostile work environment as described above and by making a number of threatening statements to Peart concerning her position of authority over him, such as "I own you when you are here, this is not a democracy, I control you and this is my warehouse" and "You can go to EEOC, I don't care about the EEOC, I don't care about the Law, I am the Law."

## II. DISCUSSION

Defendants first argue that Peart's IIED claim ought to be dismissed for lack of subject matter jurisdiction because his tort claim arises from the same set of facts as his federal Title VII and § 1981 claims, and therefore is preempted by the IHRA. The IHRA states that "[e]xcept as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act." 775 ILL. COMP. STAT. 5/8-111(C). The Act states that a "civil rights violation" occurs when an employee is terminated on the basis of "unlawful discrimination," *Id.* at 5/2-102, and that unlawful discrimination includes "discrimination against any individual because of his or her race," *Id.* at 5/1-102(A),103(Q). So while the IHRA preempts state law tort claims that are "inextricably linked" to a civil rights violation, *Maksimovic v. Tsogalis*, 687 N.E.2d 21, 23 (Ill. 1997), if the complained-of conduct "would be actionable even aside from its character as a civil rights violation because the IHRA did not 'furnish[] the legal duty that the defendant was alleged to have breached,' the IHRA does not preempt a state law claim seeking recovery for it," *Krocka v. City of Chicago*, 203 F.3d 507, 516-17 (7th Cir. 2000) (quoting *Maksimovic*, 687 N.E.2d at 23).

The court finds in this case that Peart's IIED claim is not preempted because his complaint alleges facts sufficient to show that his tort action can exist separately from the legal duties created by the IHRA. The Supreme Court of Illinois held in *Maksimovic* that the proper inquiry in cases like this is "whether the tort claim is inextricably linked to a civil rights violation such that there is no independent basis for the action apart from the Act itself." 687 N.E.2d at 23. Under this approach, the IHRA will not preempt a tort action where the plaintiff alleges elements of a tort that exist separately from a cause of action under the IHRA, without referring to the legal duties created by the IHRA. *Id.* Here, Peart claims that defendants committed IIED, acting in an extreme and outrageous manner with intent to cause him severe emotional harm, and violated his civil rights, creating a hostile work environment and discriminating against Peart because of his race. Though many of the factual allegations made by Peart support both his tort and civil rights claims, some of defendants' complained-of conduct was actionable as a tort regardless of the legal duties imposed by the IHRA. Most notably, Peart accuses defendant Jones of intentionally threatening and demeaning Peart in front of other employees, of bringing her "fierce" dogs to the workplace, causing Peart to fear for his life, and of not protecting Peart against physical assault by his co-workers. Each of these allegations could support a claim for IIED separate from the IHRA's prohibition against workplace discrimination on the basis of race, which leads the court to conclude that Peart's IIED claim is not preempted by the IHRA.

Next, defendants argue that Peart's IIED claim should be dismissed under Fed. R. Civ. Pro. 12(b)(6) for failure to state a claim upon which relief can be granted. To prevail on his IIED claim under Illinois law, Peart must eventually prove that: (1) the conduct involved was extreme and outrageous; (2) the defendants intended for their conduct to inflict severe emotional distress or

should have known that there was a high probability of such distress; and (3) the conduct in fact caused severe emotional distress. *McGrath v. Fahey*, 533 N.E.2d 806, 809 (Ill. 1988). But first, to survive a motion to dismiss his IIED claim, Peart must only provide defendants with minimal notice, whether through specific factual allegations or mere conclusions, of the charges against them and the grounds upon which they rest. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163 (1993); *McCormick v. City of Chicago*, 230 F.3d 319, 326 (7th Cir. 2000).

Here, viewing all facts and allegations in the light most favorable to Peart, the court finds that he has stated a color able claim for IIED under federal notice pleading standards. As discussed above, Peart claims that he suffered severe emotional distress as a result of defendants' conduct toward him, and that defendants intended for their actions to cause him distress. In support of his claim, Peart also describes in the complaint the intentional conduct of defendants that he finds outrageous, namely: the failing to protect Peart from physical assault by his co-worker, the bringing of fierce dogs to the workplace, and the making of demeaning and threatening statements to Peart in the presence of others and in the exercise of supervisory authority. Defendants insist that these allegations do not support a claim for IIED because none of the alleged actions rises to the level of outrageousness required by the tort. *See Doe v. Calumet City*, 641 N.E.2d 498, 507 (Ill. 1994) (outrageous conduct occurs when "recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, Outrageous!"); RESTATEMENT (SECOND) OF TORTS § 46 cmt. d at 73 (1965). But before the court now is defendants' motion to dismiss, which tests only the legal sufficiency of the complaint and does not permit the court to judge the merits of the allegations. The court believes that Peart has adequately described

the offending conduct and pleaded a claim of IIED so that defendants are on notice of the charges against them and may mount a defense; at this stage of the proceedings, he is not required to do more.

### III. CONCLUSION

Defendants' motion to dismiss is denied.

ENTER:

JOAN B. GOTTSCHALL
United States District Judge

DATED: October 31, 2003

5